## N. Y. SUPERIOR COURT.

T. LETITIA PHILLIPS, plaintiff and respondent, agt. GEORGE A. WICKS and ANGELINA G. WICKS, defendants and appellants.

The indorsement of a promissory note by a *married woman*, at the request of and for the benefit of her husband, without any benefit to her separate estate, is *void*.

*General Term, June,* 1873.

*Before* FREEDMAN, CURTIS *and* VAN VORST, *JJ.*

APPEAL by defendants from a judgment entered against them on the report of a referee.

The complaint alleged a promissory note, dated May 11th, 1868, made by George A. Wicks, payable to the order of and indorsed by Angelina G. Wicks six months after date for $2,800, value received, protest at maturity and notice given to the indorser; that said "Angelina G. Wicks, being the wife of said George A. Wicks, and having a separate estate, indorsed and delivered the said note for the benefit of her said separate estate."

Judgment was demanded for amount of the note, with interest.

The defendants answered separately. They both alleged want of consideration, and denied plaintiff's ownership of the note. Angelina G. Wicks further pleaded that the said note was indorsed by her at the request of her husband, and as surety for him, and without any consideration whatever, and without any advantage or benefit to her or to her estate or property.

The referee found for the plaintiff and against both defendants, and defendants appealed.

WILLIAM A. BOYD, *for appellants.*

CHARLES H. SMITH, *for respondent.*

Phillips agt. Wicks.

*By the Court,* FREEDMAN, *J.*—There is very little, if any, conflict as to the real facts of the case. In January, 1867, plaintiff's husband, George S. Phillips, and the defendant George A. Wicks were members of the firm of George A. Wicks & Co.; and, as such member, the first named had contributed $30,000 to the capital stock. In July, 1867, the firm stopped payment, and was succeeded in September following by the firm of Wicks, Julliard & Co., composed in part of the said George A. Wicks and George S. Phillips. This firm existed only a few months, when a new firm was formed under the name of Wicks, Van Alstyne & Co., into which George S. Phillips was not taken. The last named firm undertook to assume the liabilities and take the assets and property of Wicks, Julliard & Co. But Phillips, who had not been consulted, objected and was about to commence a suit for the enforcement of his supposed rights, when a settlement was made with him, to which he assented, by which the new firm agreed to give him their note for $12,000 for his claim, and to employ him for one year at a salary of $7,000. Under this agreement Mr. Phillips went to work; but at the time the firm ceased he had received no salary, nor had he been paid the $12,000. The third firm was not more successful than its predecessors, and, after a short existence, stopped business, unable to pay its debts. It was then suggested that an assignment for the benefit of creditors should be made of the property and assets of the three firms; and as it was necessary to its validity that George S. Phillips should join in the execution thereof, he was requested so to do. It turned out that he was indebted to his wife, the plaintiff, for moneys belonging to her in her own right, which he had borrowed; and he insisted upon receiving some money with which to pay her. It was then agreed that his wife should have $7,000 in cash and $3,000 in notes of the firm of Wicks, Van Alstyne & Co., then held by Mr. Julliard. But when the assignment was ready to be executed he was informed that there was no money. He replied

Phillips agt. Wicks.

that he regretted having consented, that it was against his interest to join; and he declined to affix his signature. Mr. Hoyt, one of the creditors and of the assignees named in the instrument, inquired whether Phillips would take security for the money to be given to his wife, and Phillips finally consented to accept such security as Mr. Hoyt should pronounce to be unquestionable. Mr. Hoyt thereupon consulted with the other parties, and, after a short time, he came back and assured Mr. Phillips that it had been made all right. Upon that assurance Mr. Phillips executed the assignment; and a few days thereafter he received from Hoyt the note in suit, as part of the $7,000 referred to. The note appears to have been procured from George A. Wicks for the very purpose of being handed over to Mr. Phillips on account of his claim, and as an inducement to join in the execution of the assignment, and to have been indorsed by the defendant Angelina G. Wicks at the request of her husband, with some knowledge of the purpose for which it was intended to be used.

Upon this state of facts it is clear that the plaintiff, to whom the note has been turned over, is entitled to recover thereon against the defendant George A. Wicks as the maker thereof. There was a sufficient consideration; and the plea that plaintiff took the note in payment of a precedent debt will not avail him.

But as to the defendant Angelina G. Wicks the case is different. She was and still is a married woman; and, as such, she had no legal capacity to bind herself generally. The object of all recent legislation upon the law of husband and wife has been to shield the wife against the power of her husband, and against his disposition to squander her property more effectually than the case previously was; and for this reason the legislature has not yet seen fit to entirely remove the common-law disability of a married woman to bind herself by her contracts at large. Power was therefore conferred upon her to contract for certain purposes, and for these only. To be obligatory upon her or her estate, her

contract must relate either to her separate property or to the particular trade or business in which she is engaged. For these purposes she may enter into any contract in the same manner and with the like effect as if she were unmarried. The law gives to her the practical ownership of her estate, with the power to bind it for the payment of her debts. Where the debt has been contracted for the benefit of her estate the latter is bound *ipso facto*. But where she incurs a liability for another, it is absolutely necessary that her intent to make such liability a charge upon her separate estate be declared in the contract creating the indebtedness (*The Corn Exchange Ins. Co.* agt. *Babcock*, 42 *N. Y.*, 613; *Yale* agt. *Dederer*, 22 *id.*, 450; *White* agt. *McNett*, 33 *id.*, 371).

There is no evidence that Angelina G. Wicks was engaged in any business or profession; nor does the note in suit contain a declaration, such as George S. Phillips might have insisted upon, to the effect that her estate was to be held chargeable with the consequences of her indorsement. Unless, therefore, the proof established that the said indorsement was, in point of fact, for the benefit of her separate estate, the latter cannot be charged with it. The only evidence upon this point is that she had a claim of $80,000 against the firm of George A. Wicks & Co.; that some time prior to the said indorsement she had expressed a desire that said firm should make an assignment rather than go into bankruptcy; and that, under the assignment, she received a dividend of about fifty per cent. This is clearly insufficient to establish an actual benefit to her separate estate, in addition to what she would have received if the said firm had gone into bankruptcy, especially as the proof further shows that the assignment was not concurred in by all the creditors.

The judgment should be affirmed, with costs as against the defendant George A. Wicks; and as to Angelina G. Wicks, it should be reversed and the order of reference should be vacated and a new trial ordered, with costs to abide the event.

CURTIS and VAN VORST, JJ., concurred.